IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BETTY J. JOHNSON<br>    *Plaintiff*,<br><br>vs.<br><br>INVESTOR EQUITIES, L.L.C.,<br>    a Louisiana limited liability company<br>    doing business in the State of Louisiana,<br><br>GRAYSTAR MORTGAGE, L.L.C.,<br>    a Louisiana limited liability company<br>    doing business in the State of Louisiana,<br><br>MICHAEL BROWN,<br>    *Defendants*. | Civil Action No.: 2:18-cv-7930<br><br>SECTION:<br><br>MAGISTRATE DIVISION: |

**COMPLAINT FOR RESCISSION, DAMAGES, AND DECLARATORY RELIEF**

**I. INTRODUCTION**

1. This is an action brought by a low-income homeowner against a lender with whom she unknowingly entered into two exorbitantly priced mortgage loans. Plaintiff seeks rescission and statutory damages under the Home Ownership and Equity Protection Act of 1994 (hereinafter "HOEPA"), 15 U.S.C. §§ 1602(bb) and 1639, and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and § 1640(a).

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court exists pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331 as to claims under HOEPA and the Truth in Lending Act ("TILA"). This Court has jurisdiction to render the declaratory judgment Plaintiff seeks pursuant to 28 U.S.C. § 2201.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391(b).

1

### III. PARTIES

4. Plaintiff Betty Johnson is a natural person who resides at 4842 Strasbourg St., New Orleans, LA 70129.

5. Defendant Investor Equities, L.L.C. (hereinafter "Investor Equities") is a limited liability company that conducts retail consumer loan operations in Louisiana. Investor Equities' domicile address is 1020 Labarre St., Mandeville, LA 70448.

6. Defendant Graystar Mortgage, L.L.C. (hereinafter "Graystar") is a limited liability company that conducts retail consumer loan operations in Louisiana. Graystar's domicile is 5325 Rebecca Blvd., Kenner, LA 70065.

7. On information and belief, Defendant Michael Brown is a natural person who resides at 1541 Washington Ave., New Orleans, LA 70130.

8. On information and belief and at all relevant times, Investor Equities is a creditor who regularly extended consumer credit payable by written agreement in more than four installments or for which a finance charge was imposed, extended two or more high cost mortgages, or extended one high cost mortgage through a mortgage broker.

### IV. FACTUAL ALLEGATIONS

#### A. FACTS PERTAINING TO INVESTOR EQUITIES' SOLICITATION OF PLAINTIFF

9. Plaintiff is a retired elderly homeowner living on a limited income.

10. Plaintiff owns the home at 4842 Strasbourg St., New Orleans, LA 70129, which is her principal dwelling. Until the transactions with Michael Brown and Investor Equities, the home was owned by the plaintiff unencumbered and not subject to a mortgage lien.

11. On or about February of 2015, Plaintiff contacted Bruce Coffman at America's Mortgage Resource about a reverse mortgage. Plaintiff was informed that she would need to

2

perform repairs on her home in order for the property to be eligible for a reverse mortgage.

12. On or about February 11, 2015, for a fee, Mr. Coffman assisted Plaintiff in applying for financing with Michael Brown to finance the home improvements.

13. On April 2, 2015, the date of settlement, Plaintiff entered into a consumer credit transaction secured by her primary residence with Michael Brown. Plaintiff signed two promissory notes with Mr. Brown, one for $5039.00 and one for $21,961.00, both at 12% interest per annum with separate monthly, interest only payments of $270.00 to begin May 1, 2015 and to mature October 1, 2015.

14. In 2015 and 2016 Plaintiff performed repairs, but did not receive a reverse mortgage.

15. On or about August of 2016, Plaintiff approached Mr. Coffman on how to address the now matured loan with Mr. Brown, and Mr. Coffman arranged financing with Investor Equities, a L.L.C. of which Mr. Coffman is an officer and manager.

16. Before the August 2016 transaction with Investor Equities, the principal balance of Plaintiff's loan with Michael Brown was $27,675.00.

17. On August 8, 2016, the date of settlement, Plaintiff entered into a consumer credit transaction with Investor Equities in which Investor Equities extended consumer credit which was subject to a finance charge and which was initially payable to Investor Equities.

18. As part of this consumer credit transaction, Investor Equities acquired a security interest, namely a mortgage, in 4842 Strasbourg St., New Orleans, LA 70129, which is used as the principal dwelling of the Plaintiff.

19. Investor Equities imposed approximately $11,568.00 in points and fees for the transaction. As a result, the principal amount of the new loan was $60,000.00 and the interest only payments were $600.00 per month for twelve months, with a disclosed annual percentage

rate of 12%. The twelve interest payments under the loan were prepaid as part of the settlement charges in an amount of $7200.00. Homeowner's and Flood Insurance were also charged as part of the settlement charges in the amount of $3629.10 and $2524.84 in other costs.

20. Plaintiff's monthly income consisted of approximately $650.00 in Social Security benefits in August 2016. The total monthly payment owing to Investor Equities under the loan transaction was $600.00/month i.e., an amount far in excess of her ability to pay.

21. Pursuant to the 2016 transaction, Plaintiff paid Investor Equities $35,078.06 that was applied to finance charges and fees.

22. Plaintiff did not receive consumer counseling regarding the 2016 transaction.

23. On information and belief, Investor Equities transferred their interest in the Plaintiff's mortgage to Graystar.

24. In August of 2017, Plaintiff approached Mr. Coffman on how to address the maturing loan with Graystar, and Mr. Coffman again arranged financing with Investor Equities.

25. Before the August 2017 transaction with Investor Equities, the principal balance of Plaintiff's loan with Graystar was $60,453.79.

26. On August 21, 2017, the date of settlement, Plaintiff entered into a consumer credit transaction with Investor Equities in which Investor Equities extended consumer credit which was subject to a finance charge and which was initially payable to Investor Equities.

27. As part of this consumer credit transaction, Investor Equities acquired a new security interest, namely a mortgage, in 4842 Strasbourg St., New Orleans, LA 70129, which is used as the principal dwelling of the Plaintiff. This transaction paid in full the principal balance owed to Graystar and superseded their security interest.

28. Investor Equities imposed approximately $4200.00 in points and fees for the

transaction. As a result, the principal amount of the new loan was $75,000.00 and the interest only payments were $750.00 per month for six months, with a disclosed annual percentage rate of 12%. The six interest payments under the loan were prepaid as part of the settlement charges in an amount of $4500.00. Homeowner's and Flood Insurance were also charged as part of the settlement charges in the amount of $2666.05 and $2121.82 in other costs.

29. Plaintiff's monthly income consisted of approximately $677.00 in Social Security benefits in August 2017. The total monthly payment owing to Investor Equities under the loan transaction was $750.00/month i.e., an amount far in excess of her ability to pay.

30. Pursuant to the 2017 transaction, Plaintiff paid Investor Equities $13,487.87 that was applied to finance charges and fees.

31. Plaintiff did not receive consumer counseling regarding the 2017 transaction.

32. On information and belief, Investor Equities transferred their interest in the Plaintiff's mortgage to Michael Brown.

### B. *FACTS PERTAINING TO DISCLOSURES AND TERMS OF THE TRANSACTION*

33. Plaintiff, Betty Johnson, is a consumer within the meaning of TILA. 15 U.S.C. § 1602(h).

34. The transactions between Plaintiff and Investor Equities were subject to a finance charge or are payable by a written agreement in more than four installment payments. 15 U.S.C. § 1602(f).

35. The credit extended to Plaintiff by Investor Equities is for personal, family, or household purposes. 15 U.S.C. § 1602 (h).

36. The credit transactions were secured by real estate, where Plaintiff resides, and is a dwelling within the meaning of 15 U.S.C. § 1640(a)(2)(A)(iii).

37. The above-mentioned consumer credit transactions were high rate mortgages within the meaning of HOEPA, 15 U.S.C. § 1602(bb)(1)(A)(i), in that the annual percentage rate at consummation of the transactions exceeded by more than 6.5 percentage points the average prime offer rate for a comparable transaction as of the date on which the interest rate for the transactions were set.

38. The above-mentioned consumer credit transactions were high rate mortgages within the meaning of HOEPA, 15 U.S.C. § 1602(bb)(1)(A)(ii), in that the total "points and fees" as defined in that section that Investor Equities charged Plaintiff exceeded 5 percent of the total loan amount.

39. Upon information and belief, Investor equities extended credit to a consumer under high rate mortgages, as defined by 15 U.S.C. § 1602(bb), based on the consumer's collateral without regard to the consumer's repayment ability, including her current and expected income, current obligations and employment, in violation of 15 U.S.C. § 1639(h).

40. Plaintiff believes and therefore avers that Investor Equities required or induced her to borrow substantially more money than she was seeking, and in an amount beyond her ability to repay, based primarily on Investor Equities' evaluation of the amount of Plaintiff's equity in her home.

41. Because the transactions described herein met the HOEPA definition of a high rate mortgage, the transactions were subject to additional disclosure requirements that must be provided three days in advance of the consummation of the transaction. 15 U.S.C. § 1639(b).

42. Investor Equities did not furnish the required HOEPA disclosures to Plaintiff three days prior to settlement of either transaction.

43. The loans extended to Plaintiff include abusive terms prohibited by HOEPA,

6

including: balloon payments in violation of 15 U.S.C. § 1639(e), prepayment of more than two payments from the proceeds of the loan in violation of 15 U.S.C. § 1639(g), financing points and fees in violation of 15 U.S.C. § 1639(m), and extending high cost mortgage without consumer receiving counseling in violation of 15 U.S.C. § 1639(u).

44. Investor Equities failed to deliver all the "material" disclosures required by the Truth in Lending Act to Plaintiff in connection with both transactions, including but not limited to: provide a correctly completed Notice of right to Cancel as required under 15 U.S.C. § 1635(a) and 12 C.F.R. § 226.23(b); properly and accurately disclose the amount financed as required by 15 U.S.C. § 1638(a)(2)(A) and 12 C.F.R. § 226.18(b); properly and accurately disclose the finance charge, as required by 15 U.S.C. § 1638(a)(4) and 12 C.F.R. § 226.18(e); and properly and accurately disclose the annual percentage-rate of the finance-charge, as required by 15 U.S.C. § 1638(a)(2)(A) and 12 C.F.R. § 226.18(b).

### C. FACTS PERTAINING TO PLAINTIFFS' RESCISSION OF THE TRANSACTION

45. Because of the violations of HOEPA and TILA listed above, Plaintiff retained the right to rescind the transaction up to three years after its consummation.

46. On August 14, 2018, Plaintiff rescinded the transactions by sending a notice of rescission to Investor Equities, Graystar Mortgage, and Michael Brown, by U.S. Mail, postage prepaid, certified mail, return receipt requested and by ordinary mail.

47. Investor Equities received Plaintiff's notice of rescission on August 16, 2018.

48. Graystar Mortgage was mailed Plaintiff's notice of rescission on August 14, 2018 via first class mail and certified mail, return receipt requested.

49. Michael Brown was mailed Platinff's notice of rescission on August 14, 2018 via first class mail and certified mail, return receipt requested.

50. Since receipt of the rescission notices, Investor Equities, Graystar, and Michael Brown have failed to take any action necessary or appropriate to reflect the termination of any security interest created under the transaction, as required by 15 U.S.C. § 1635(b) and Regulation Z, § 1026.23(d)(2). In addition, Investor Equities, Graystar, and Michael Brown have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including Investor Equities, as required by 15 U.S.C. § 1635(b) and Regulation Z, § 102623(d)(2).

## V. CAUSES OF ACTION

### *COUNT I--HOEPA and TILA*

51. Investor Equities' lending to Plaintiff based on her collateral, without regard to her repayment ability, entitles Plaintiff to actual and statutory damages under 15 U.S.C. § 1640(a).

52. Investor Equities' failure to give Plaintiff the disclosures required by HOEPA three days prior to settlement violates 15 U.S.C. § 1639(a) and (b), entitling Plaintiff to actual and statutory damages under 15 U.S.C. § 1640(a) and extending her right to rescind the transaction until up to three years after the consummation of each.

53. Investor Equities' inclusion of the abusive terms set forth in Paragraph 37 and 41 above violates 15 U.S.C. § 1639(e), (g), (h), and (m), entitling Plaintiff to actual and statutory damages under 15 U.S.C. § 1640(a) and extending her right to rescind the transactions until up to three years after the consummation of each transaction.

54. Investor Equities' failure to deliver all the material disclosures required by the Truth in Lending Act to Plaintiff in connection with the transactions violates 15 U.S.C. § 1638, entitling Plaintiff to actual and statutory damages under 15 U.S.C. § 1640(a) and extending her right to rescind the transactions until up to three years after the consummation of each transaction.

55. Investor Equities' failure to take the action necessary and appropriate to reflect the termination of the security interest within twenty days after Plaintiff's rescission of the transactions violates 15 U.S.C. § 1635(b) and entitles Plaintiff to actual damages, statutory damages, and orders enforcing her rescission of the transactions.

56. Defendants Graystar Mortgage and Michael Brown, as purchasers or assignees of the mortgages are also liable pursuant to 15 U.S.C. § 1641.

**WHEREFORE**, Plaintiff prays for the following relief:

a. Rescission of the transaction, including a declaration that the Plaintiff is not liable for any finance charges or other charges imposed by Defendants;

b. A declaration that the security interest in Plaintiff's property created under the transaction is void, and an order effectuating release such security interest;

c. Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

d. Statutory damages of $28,000 for the 2016 transaction (consisting of $4,000 for the HOEPA disclosure violation, $4,000 for the failure to rescind, and $4,000 for each of five prohibited term or other non-disclosure violations);

e. Statutory damages of $28 ,000 for the 2017 transaction (consisting of $4,000 for the TILA and HOEPA disclosure violations, $4,000 for the failure to rescind, and $4,000 for each of five prohibited terms or other non-disclosure violations);

e. Additional damages pursuant to 15 U.S.C. § 1640(a)(4) in the amount of all finance charges and fees paid by Plaintiff, for each non-disclosure violation;

f. Because Defendants failed to act in response to Plaintiff's notice of rescission, an order establishing the amount of the tender obligation in light of all of the Plaintiff's claims, and

an order requiring the Defendant to accept tender on reasonable terms and over a reasonable period of time;

    g.    Actual damages in an amount to be determined at trial;

    h.    An award of reasonable attorney fees and costs; and

    i.    Such other relief at law or equity as this Court may deem just and proper.

Respectfully submitted,

SOUTHEAST LOUISIANA LEGAL SERVICES

By: /s/Anthony Sartorio

ANTHONY SARTORIO, LSBA Bar No. 32675
DAVID H. WILLIAMS, LSBA Bar No. 17867
1340 Poydras St., Suite 600
New Orleans, Louisiana 70112
Telephone: (504) 529-1000, ext. 235
Fax: (504) 596-2241
Attorneys for Betty Johnson