| | |
|---|---|
| BETTY J. JOHNSON | CIVIL ACTION |
| VERSUS | NO. 18-7930 |
| INVESTOR EQUITIES, LLC ET AL. | SECTION "S"(2) |

## ORDER AND REASONS ON MOTION

Plaintiff's Motion for Leave to File First Amended Complaint, Record Doc. No. 26, is before me. Plaintiff seeks to amend her complaint to clarify her existing claims against the parties, and to allege new claims under Louisiana law that defendants acted as a joint venture as to their financial dealings with plaintiff and that the interest on plaintiff's loans with defendant Investor Equities, LLC was usurious and subject to forfeiture. Record Doc. No. 37-2 at pp. 6–7.

On December 17, 2018, a Rule 16 scheduling order was issued in this matter setting January 25, 2019, as the deadline for amendment of pleadings. Record Doc. No. 22 at p. 1. Plaintiff filed the instant motion on February 5, 2019, eleven (11) days after the amendment deadline expired.

## I. LEGAL STANDARD

When the court has entered a scheduling order setting a deadline for the amendment of pleadings, the schedule "may be modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. <u>Only upon the movant's demonstration of good cause to modify the scheduling order</u> will the more

liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." <u>S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA</u>, 315 F.3d 533, 536 (5th Cir. 2003) (emphasis added). "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" <u>Sw. Bell Tel. Co. v. City of El Paso</u>, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting <u>S & W Enters.</u>, 315 F.3d at 535); <u>accord</u> <u>Fahim v. Marriott Hotel Servs., Inc.</u>, 551 F.3d 344, 348 (5th Cir. 2008); <u>Nunez v. U.S. Postal Serv.</u>, 298 F. App'x 316, 319 (5th Cir. 2008); <u>In re Int'l Marine, LLC</u>, 2009 WL 498372, at *1–2 (E.D. La. Feb. 26, 2009).

Fed. R. Civ. P. 15(a) is liberal in favor of permitting amendment of pleadings. <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994); <u>Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.</u>, 195 F.3d 765, 770 (5th Cir. 1999); <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597–98 (5th Cir. 1981). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), <u>but</u> such leave "is by no means automatic." <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." <u>Id</u>.

Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000) (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" In Re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)) (footnote omitted).

II.     ANALYSIS

Plaintiff failed to address the proper legal standard for amendment of pleadings after an amendment deadline has expired in her original memorandum in support of this motion, basing her argument exclusively on Rule 15(a). Record Doc. No. 26-1. Her reply addressed the proposed amendment under Rule 16(b)(4). Record Doc. No. 39. Plaintiff's explanation for her failure timely to move for leave to amend her complaint is that she did not receive discovery responses containing information to support the alleged joint venture and usurious loan claims until January 28, 2019, three days after the amendment deadline expired. Id. at pp. 1–2. This explanation, coupled with the fact that plaintiff filed

the instant motion only eleven (11) days after the amendment deadline expired and promptly after learning the new information to support her proposed claims, weighs in favor of a finding of Rule 16 good cause.

As to importance, plaintiff states that her amendment will clarify and support her existing claims under the Home Ownership and Equity Protection Act ("HOEPA") and the Truth in Lending Act ("TILA") and, if the claims are proven, will entitle her to damages, rescission of certain transactions and the prevention of the loss of her home. Record Doc. Nos. 26-1 at p. 1; 37-2 at p. 7. This factor also weighs in favor of allowing plaintiff to amend.

Defendants argue that allowing amendment of plaintiff's complaint would cause them prejudice by forcing them to engage in additional discovery related to plaintiff's new allegations. Record Doc. Nos. 29 at p. 10; 30 at p. 6. Additionally, defendant Investor Equities, LLC argues that it will be forced to incur further costs in amending its counterclaim to address plaintiff's proposed usury claim. Record Doc. No. 29 at p. 10. Plaintiff argues that defendants will not be prejudiced because her new claims arise from the same underlying facts, evidence and allegations of HOEPA and TILA violations alleged in her original complaint. Record Doc. No. 37-2 at p. 7. She also asserts that defendants will not suffer prejudice because discovery in this matter is ongoing and the discovery deadline is not until August 16, 2019, and trial is set for November 4, 2019. Id.; Record Doc. No. 22.

I find that the facts and allegations pertaining to the claims proposed in the amendment arise from the same underlying facts and allegations raised in the initial complaint. In addition, ample time remains under the existing schedule for defendants to address the new claims asserted in plaintiff's proposed amendment. Prejudice will be minimal, and no continuance to cure prejudice should be necessary. Nevertheless, plaintiff has stated that she will not oppose any request by defendants for a continuance of pretrial deadlines if one becomes necessary. Record Doc. No. 37-2 at p. 8. These factors weigh in favor of a Rule 16(b)(4) good cause finding, such that the more liberal Rule 15(a) standard may be analyzed.

Plaintiff filed this motion only eleven (11) days after the expiration of the amendment deadline, based on information received in discovery responses three (3) days after the amendment deadline expired. Plaintiff promptly filed the instant motion approximately one week after receiving discovery responses. No prior amendments have been requested or submitted. Under these circumstances, I find no undue delay or dilatory motive.

The Fifth Circuit has defined bad faith generally as implying or involving actual or constructive fraud, or a design to mislead and deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc., 293 F.3d 912, 922 (5th Cir.

2002)) (interpreting Louisiana law). "The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives." Id. Defendants have not shown that plaintiff is in bad faith in any of these ways.

As stated above, any prejudice to defendants is minimal, the discovery deadline and trial date are several months away, and plaintiff has expressly consented to continue any pretrial deadlines if necessary.

Defendants argue that amendment is futile because the alleged joint venture is "fictional," Record Doc. No. 30 at p. 1, and plaintiff's proposed amended complaint does not adequately allege the elements of a joint venture under Louisiana law. Record Doc. Nos. 29 at pp. 11–13; 30 at 8–9. I find that plaintiff's proposed amended complaint is sufficient to pass initial futility muster. Whether plaintiff can establish the essential elements of joint venture under Louisiana law is a matter better addressed with evidence on a motion for summary judgment and not as a pleading matter. For the above reasons, the Rule 15(a) factors favor permitting plaintiff leave to amend her complaint, and the motion is GRANTED.

New Orleans, Louisiana, this _____27th_____ day of February, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE