UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BETTY J. JOHNSON,<br>　　　　　Plaintiff<br><br>v.<br><br>INVESTOR EQUITIES, L.L.C.,<br>GRAYSTAR MORTGAGE, L.L.C., and<br>MICHAEL BROWN,<br>　　　　　Defendants. | CIVIL ACTION<br><br>NO. 18-7930<br><br>SECTION "S"(2)<br><br>JUDGE MARY ANN VIAL LEMMON<br><br>MAGISTRATE JOSEPH C.<br>WILKINSON, JR. |

**ANSWER ON BEHALF OF GRAYSTAR MORTGAGE, LLC
TO PLAINTIFF'S FIST AMENDED COMPLAINT
FOR RESCISSION, DAMAGES, AND DECLARATORY RELIEF**

**NOW INTO COURT**, through undersigned counsel, comes Graystar Mortgage, LLC ("Graystar") which files the following Answer and Affirmative Defenses to Plaintiff, Betty J. Johnson's First Amended Complaint for Rescission, Damages, and Declaratory Relief (Rec. Doc. 55) by averring as follows:

I.     **ANSWER TO PLAINTIFF'S COMPLAINT**

Answering the allegations of Plaintiff's Amended Complaint (Rec. Doc. 55), Graystar avers as follows, denying all allegations asserted against it and intending to impose liability upon it, except those explicitly admitted below:

1.

The allegations contained in Paragraph 1 are legal conclusions and are not directed to Graystar and thus do not require a response from Graystar. To the extent a response is required, Graystar denies the allegations contained in Paragraph 1 and denies Plaintiff is entitled to any of the requested relief therein.

2.

The allegations contained in Paragraph 2 are legal conclusions and do not require a response from Graystar.

3.

The allegations contained in Paragraph 3 are legal conclusions and do not require a response from Graystar.

4.

The allegations contained in Paragraph 4 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 4 are denied for lack of sufficient information to justify belief of the truth asserted therein.

5.

The allegations contained in Paragraph 5 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 5 are denied for lack of sufficient information to justify belief of the truth asserted therein.

6.

Graystar admits that it is a limited liability company whose registered domicile address with the Louisiana Secretary of State is 5325 Rebecca Boulevard, Kenner, Louisiana 70065. The remaining allegations contained in Paragraph 6 are denied.

7.

The allegations contained in Paragraph 7 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 7 are denied for lack of sufficient information to justify belief of the truth asserted therein.

8.

The allegations contained in Paragraph 8 are denied.

9.

The allegations contained in Paragraph 9 are denied.

10.

The allegations contained in Paragraph 10 are denied.

11.

The allegations contained in Paragraph 11 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 11 are denied.

12.

The allegations contained in Paragraph 12 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 12 are denied.

13.

The allegations contained in Paragraph 13 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

14.

The allegations contained in Paragraph 14 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

15.

The allegations contained in Paragraph 15 are not directed to and do not require a response from Graystar Mortgage. To the extent a response is required, the allegations are denied.

18748795_1

16.

The allegations contained in Paragraph 15 are not directed to and do not require a response from Graystar Mortgage. To the extent a response is required, a promissory note is a written instrument and the best evidence of its contents; accordingly, to the extent the allegations are inconsistent with the written instrument, the allegations are denied.

17.

The allegations contained in Paragraph 17 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief of the truth asserted therein.

18.

The allegations contained in Paragraph 18 contain legal conclusions that do not require a response from Graystar. To the extent a response is deemed necessary, the allegations contained in Paragraph 18 are denied.

19.

The allegations contained in Paragraph 19 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 19 are denied.

20.

The allegations contained in Paragraph 20 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations are denied for lack of sufficient information to justify a belief of the truth asserted therein. Promissory notes, as written contracts, are the best evidence of their terms and conditions.

18748795_1

21.

The allegations contained in Paragraph 21 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

22.

The allegations contained in Paragraph 22 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

23.

Graystar Mortgage denies the allegations contained in Paragraph 23 as written.

24.

The allegations contained in Paragraph 24 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

25.

The allegations contained in Paragraph 25 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

26.

The allegations contained in Paragraph 26 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

27.

The "HUD-1 settlement statement" is a written document and the best evidence of its terms and conditions. The remaining allegations contained in Paragraph 27 are denied for lack of sufficient information to justify belief of the truth asserted therein.

28.

The allegations contained in Paragraph 28 contain legal conclusions that do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 28 are denied.

29.

The allegations contained in Paragraph 29 are not directed to and do not require a response from Graystar. To the extent a response is deemed necessary, the allegations contained in Paragraph 29 are denied.

30.

The allegations contained in Paragraph 30 are not directed to and do not require a response from Graystar. The allegations contained in Paragraph 30 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

31.

The allegations contained in Paragraph 31 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 31 are denied.

32.

The allegations contained in Paragraph 32 are denied for lack of sufficient information to justify a belief of the truth asserted therein.

33.

The allegations contained in Paragraph 33 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 33 are denied.

34.

The allegations contained in Paragraph 34 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 34 are denied.

35.

The allegations contained in Paragraph 35 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

36.

The loan document is a written instrument that is the best evidence of itscontents. The allegations contained in Paragraph 36 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

37.

Graystar admits that on August 8, 2016, Investor Equities assigned its interest in a note,that was executed by Plaintiff, to Graystar as collateral for a loan between Graystar and Investor Equities.

38.

The allegations contained in Paragraph 38 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 38 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

39.

The allegations contained in Paragraph 39 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in

Paragraph 39 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

40.

The allegations contained in Paragraph 40 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

41.

The allegations contained in Paragraph 41 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

42.

The allegations contained in Paragraph 42 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 42 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

43.

The allegations contained in Paragraph 43 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

44.

The document referenced in Paragraph 44 is a written instrument and the best evidence of its terms and conditions. Graystar denies all allegations contained in Paragraph 43 inconsistent therewith.

45.

The allegations contained in Paragraph 45 are denied for lack of lack of sufficient information to justify a belief of the truth asserted therein.

8

46.

The allegations contained in Paragraph 46 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 46 are denied for lack of sufficient information to justify belief of the truth asserted therein.

47.

The allegations contained in Paragraph 46 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 46 are denied for lack of sufficient information to justify belief of the truth asserted therein.

48.

The allegations contained in Paragraph 48 are denied for lack of sufficient information to justify belief of the truth asserted therein.

49.

The allegations contained in Paragraph 49 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 49 are denied.

50.

The allegations contained in Paragraph 50 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 50 are denied.

51.

The allegations contained in Paragraph 51 are denied for lack of sufficient information to justify belief of the truth asserted therein.

52.

A contract is a written instrument and the best evidence of its terms and conditions. The remaining allegations contained in Paragraph 52 are denied.

53.

The allegations contained in Paragraph 53 are not directed to and do not require a response from Graystar. To the extent response is required, the allegations contained in Paragraph 53 are denied for lack of sufficient information to justify belief of the truth asserted therein.

54.

The allegations contained in Paragraph 54 are legal conclusions that do not require a response from Graystar. To the extent a response is required, Graystar denies the allegations contained in Paragraph 54.

55.

The allegations contained in Paragraph 55 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations are denied for lack of sufficient information to justify belief of the truth asserted therein.

56.

The allegations contained in Paragraph 56 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 56 are denied.

57.

The allegations contained in Paragraph 57 are denied.

18748795_1

58.

The allegations contained in Paragraph 58 are legal conclusions that do not require a response from Graystar. To the extent a response is required, the allegations are denied.

59.

The allegations contained in Paragraph 59 are not directed to and do not require a response from Graystar. To the extent a response is required, Graystar denies the allegations contained in Paragraph 59 to the extent they are directed to and intend to impose liability upon Graystar.

60.

The allegations contained in Paragraph 60 are denied.

61.

The allegations contained in Paragraph 61 are not directed to and do not require a response from Graystar. To the extent a response is required, Graystar denies the allegations contained in Paragraph 61 to the extent they are directed to and intend to impose liability upon Graystar.

62.

The allegations contained in Paragraph 62 are not directed to and do not require a response from Graystar. Graystar denies the allegations contained in Paragraph 62 to the extent they are directed to and intend to impose liability upon Graystar.

63.

The allegations contained in Paragraph 63 are denied.

64.

The allegations contained in Paragraph 64 are legal conclusions that do not require a response from Graystar. To the extent a response is required, the allegations are denied to the extent they intend to impose liability upon Graystar.

64.

65.

The allegations contained in Paragraph 65 are not directed to and do not require a response from Graystar. Graystar denies the allegations contained in Paragraph 65 to the extent they are directed to and intend to impose liability upon Graystar.

66.

The allegations contained in Paragraph 66 are denied.

67.

The allegations contained in Paragraph 67 are denied.

68.

The allegations contained in Paragraph 68 are denied.

69.

The allegations contained in Paragraph 69 are denied.

70.

The allegations contained in Paragraph 70 are denied.

71.

The allegations in Paragraph 71 are legal conclusions that do not require a response from Graystar. To the extent a response is required, the allegations are denied.

72.

The allegations contained in Paragraph 72 are denied.

18748795_1

73.

The allegations in Paragraph 73 are legal conclusions that do not require a response from Graystar. To the extent a response is required, the allegations are denied.

74.

The allegations contained in Paragraph 74 are denied.

75.

The allegations contained in Paragraph 75 are denied.

76.

The allegations in Paragraph 76 are legal conclusions that do not require a response from Graystar. To the extent a response is required, the allegations are denied.

77.

The allegations contained in Paragraph 77 are denied.

78.

The allegations contained in Paragraph 78 are denied.

79.

The allegations contained in Paragraph 79 are denied.

80.

The allegations contained in Paragraph 80 are denied.

81.

The allegations in Paragraph 81 are legal conclusions that do not require a response from Graystar. To the extent a response is required, the allegations are denied.

82.

The allegations contained in Paragraph 82 are denied.

83.

The allegations contained in Paragraph 83 are denied.

84.

The allegations contained in Paragraph 84 are denied.

85.

The allegations contained in Paragraph 85 are denied.

86.

The allegations contained in Paragraph 86 are denied.

87.

The allegations contained in Paragraph 87 are denied.

88.

The allegations contained in Paragraph 88 are denied.

89.

The allegations contained in Paragraph 89 are denied.

90.

The allegations contained in Paragraph 90 are legal conclusions that do not require a response from Graystar. To the extent a response is required, the allegations are denied.

91.

The allegations contained in Paragraph 91 are denied.

92.

The allegations contained in Paragraph 92 are not directed to and do not require a response from Graystar. To the extent a response is required, the allegations contained in Paragraph 92 are denied for lack of sufficient information to justify belief of the truth asserted therein.

14

93.

The allegations contained in Paragraph 93 are denied.

94.

The allegations contained in Paragraph 94 are denied.

95.

The allegations contained in Paragraph 95 are denied.

96.

The allegations contained in Paragraph 96 are denied.

97.

The allegations contained in Paragraph 97 are denied for lack of sufficient information to justify belief of the truth asserted therein.

98.

The allegations contained in Paragraph 98 are denied for lack of sufficient information to justify belief of the truth asserted therein.

99.

The allegations contained in Paragraph 99 are denied for lack of sufficient information to justify belief of the truth asserted therein.

100.

The allegations contained in Paragraph 100 are denied for lack of sufficient information to justify belief of the truth asserted therein.

101.

The allegations contained in Paragraph 101 are denied.

102.

The allegations contained in Paragraph 102 are denied.

18748795_1

103.

The allegations contained in Paragraph 103 are denied.

104.

The allegations contained in Paragraph 104 are denied.

105.

The allegations contained in Paragraph 105 are denied.

106.

The allegations contained in Paragraph 106 are denied.

107.

The allegations contained in Paragraph 107 are denied to the extent they are directed to and intend to impose liability upon Graystar.

108.

The allegations contained in Paragraph 108 are denied to the extent they are directed to and intend to impose liability upon Graystar.

109.

The allegations contained in Paragraph 109 are denied.

110.

The allegations contained in Paragraph 110 are denied.

111.

The allegations contained in Paragraph 111 are denied to the extent they are directed to and intend to impose liability upon Graystar.

## PRAYER FOR RELIEF/"WHEREFORE"

The allegations contained in Plaintiff's Prayer for Relief or "Wherefore Clause" including subparts a. through i., are denied to the extent they are directed to and intend to impose

16

liability upon Graystar. Graystar further denies that Plaintiff is entitled to any of the damages, compensation, or relief requested therein.

## UNNUMBERED AND/OR MIS-NUMBERED PARAGRAPHS

Graystar denies all unnumbered and/or mis-numbered paragraphs contained in Plaintiff's Complaint.

## II. AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

AND NOW, furthering answering Plaintiff's Complaint, Graystar asserts the following Affirmative Defenses:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a plausible claim/ cause of action against Graystar, and Graystar is not liable for any of the relief requested in Plaintiff's Complaint.

## SECOND DEFENSE

Plaintiff's Complaint is barred by prescription, peremption, the applicable statute of limitations, and/or laches.

## THIRD DEFENSE

Plaintiff failed to mitigate her damages, if any.

## FOURTH DEFENSE

Graystar is entitled to set off and/or credit for all payments made to or on behalf of Plaintiff by any source, collateral or otherwise.

## FIFTH DEFENSE

Graystar is entitled to defense, indemnity, and insurance coverage pursuant to the contracts applicable to this matter.

**SIXTH DEFENSE**

Plaintiff's claims are barred or limited, in whole or in part, by the doctrines of waiver, ratification, indemnity, unclean hands, and/or estoppel.

**SEVENTH DEFENSE**

Plaintiff's claims are subject to the rights of setoff and/or recoupment that Graystar might have.

**EIGHTH DEFENSE**

Plaintiff's claims should be dismissed, or alternatively, Plaintiff's damages, if any, which are explicitly denied, should be reduced due to Plaintiff's fault, negligence, contributory negligence, or otherwise culpable conduct.

**NINTH DEFENSE**

Plaintiff's damages, if any, which are explicitly denied, should be reduced by the fault, negligence, contributory negligence, or otherwise culpable conduct committed by parties other than Graystar, for which Graystar is not responsible.

**TENTH DEFENSE**

Plaintiff breached the terms of the mortgage loan(s) at issue in this litigation.

**ELEVENTH DEFENSE**

Plaintiff's rescission and damages claims arising under the federal Truth in Lending Act ("TILA") and the federal Home Ownership and Equity Protection Act ("HOEPA") are time-barred under the applicable statute of limitations and/or the doctrine of laches, and are not subject to any equitable tolling.

18748795_1

**TWELFTH DEFENSE**

Plaintiff's claims arising under TILA and HOEPA fail as a matter of law because neither Investor Equities nor Graystar regularly extend consumer credit and thus are not "creditors" who are subject to TILA and/or HOEPA.

**THIRTEENTH DEFENSE**

Even if Investor Equities and/or Graystar was a "creditor", which is expressly denied, Graystar is not liable for any of the claims in the Complaint because Graystar's conduct at all times complied, and was in good-faith conformity, with TILA and HOEPA.

**FOURTEENTH DEFENSE**

Plaintiff's claims arising under HOEPA fail as a matter of law because the mortgage loan(s) at issue in this matter were not high-risk loans subject to HOEPA.

**FIFTEENTH DEFENSE**

Plaintiff's claims against Graystar are improperly asserted under TILA and HOEPA and should be dismissed.

**SIXTEENTH DEFENSE**

Graystar denies any allegations in the Complaint that are not expressly admitted above.

**SEVENTEENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**EIGHTEENTH DEFENSE**

Graystar has not breached any contractual or legal duty, the existence of which is denied, to Plaintiff.

18748795_1

## NINETEENTH DEFENSE

The claims asserted by Plaintiff are barred, in whole or in part by the statute of fraud and/or parol evidence rule.

## TWENTIETH DEFENSE

Graystar reserves the right to assert any and all additional affirmative defenses and any counterclaims, cross-claims, and/or third-party demands, as may become evident through Graystar's discovery and investigation.

## TWENTY-FIRST DEFENSE

The claims asserted by Plaintiff are barred, in whole or in part, by the doctrines of waiver, ratification, indemnity, unclean hands, and/or estoppel.

## TWENTY-SECOND DEFENSE

Plaintiff has not sustained any damages or losses proximately caused by Graystar or for which Graystar is liable.

## TWENTY-THIRD DEFENSE

Plaintiff breached the terms of the mortgage loans at issue in this litigation.

## TWENTY-FOURTH DEFENSE

Plaintiff's alleged claims under HOEPA because the mortgage loans at issue in this litigation were not high-risk loans subject to HOEPA.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims fail because Graystar Mortgage, LLC and Investor Equities did not form a joint venture under Louisiana law.

## <u>TWENTY-SIXTH DEFENSE</u>

Plaintiff's claims are barred and fail as a matter of law because the mortgage loans at issue are not usurious under Louisiana law.

**WHEREFORE**, Graystar respectfully requests that the Court dismiss all of the allegations and alleged causes of action asserted against Graystar and enter judgment in favor of Graystar and against Plaintiff, dismissing Plaintiff's Complaint, with prejudice, and that all costs of this action be cast against Plaintiff, and Graystar be awarded such other and further relief as the court may deem just, whether available at law or in equity.

Respectfully submitted:

/s/ *Blake Crohan*

DAVID J. HALPERN, (#6452)
R. BLAKE CROHAN, (#37648)
**KEAN MILLER LLP**
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA 70112
Telephone:  (504) 585-3050

david.halpern@keanmiller.com
blake.crohan@keanmiller.com

**Attorneys for Graystar Mortgage, LLC**