# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BETTY JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-7930** |
| **INVESTOR EQUITIES, LLC, ET AL** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Motion for Reconsideration** (Rec. Doc. 66) is **GRANTED**.

In an order entered on March 28, 2019 (Rec. Doc. 65), the court dismissed plaintiff's claim against defendant Graystar Mortgage, LLC ("Graystar") for rescission under TILA and HOEPA, finding that though Graystar was an assignee of plaintiff's loan, it had received nothing from Johnson beyond the security interest, which had been released by Graystar, and thus there was nothing left to rescind.

Plaintiff now seeks reconsideration pursuant to Rule 54(b), arguing that the allegations of the complaint and exhibits thereto, as well as newly discovered documentation, reflect that Graystar did in fact receive payment of principal and interest from Johnson that is subject to her right of rescission, in connection with the 2016 transaction. Detailed facts are set forth in the court's prior order, and are not restated here. For purposes of the instant motion, the following facts suffice.

In 2016, Johnson borrowed $60,000 from Investor Equities at 12%. Investor Equities did not have the cash on hand, so to fund the loan, it borrowed $60,000 from Graystar at 18%.

Investor Equities assigned the Johnson mortgage to Graystar as collateral for its loan. In 2017, the loan matured. Johnson then borrowed $75,000 from Investor Equities. Of the proceeds, $60,453.79 was sent to Graystar. The HUD-1 for the second (2017) loan reflects this payment as a settlement charge to borrower (Betty Johnson) for "Payoff 1st mortgage to Graystar Mortgage, LLC." At issue is whether this was a payment from Johnson to Graystar, or whether it was merely a pass-through via which Investor Equities paid off its debt to Graystar.

*Legal Standard - Rule 54(b) Reconsideration*

Rule 54(b) of the Federal Rules of Civil Procedure states, in pertinent part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under this rule, the district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." Melancon v. Texaco, Inc., 659 F.2d 551, 553 (5th Cir. 1981). However, the district court must exercise this broad discretion sparingly to forestall the perpetual reexamination of orders and the resulting burdens and delays. See Calpecto 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1414-15 (5th Cir. 1993); 18B Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 4478.1(2d ed. 2002).

The general practice in the United States District Court for the Eastern District of Louisiana has been to evaluate motions to reconsider interlocutory orders under ths same

2

standards that apply to motions to alter or amend final judgments made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Rosemond v. AIG Ins., 2009 WL 1211020, at *2 (E.D. La. 5/4/09) (Barbier, J.); In re Katrina Canal Breaches, 2009 WL 1046016, at *1 (E.D. La. 4/16/09) (Duval, J.); Castrillo v. Am. Home Mortg. Servicing, Inc., 2010 WL 1434398, at *3-4 (E.D. La. 4/5/10) (Vance, J.). A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

*Rescission*

Under the Truth in Lending Act, "[w]hen an obligor exercises his right to rescind . . . he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission." 15 U.S.C. § 1635(b).

In connection with the previous motion, Graystar argued that it never received any payments from Johnson, and that the payment it received was from Investor Equities, who was in turn paid by Johnson. It based this argument on record documents suggesting that the loan from Graystar to Investor Equities was simply a mechanism to fund the proceeds Investor Equities distributed to Johnson, and which was buttressed by the fact that at the time of the 2017 loan, Graystar relinquished its security interest. The court's prior Order and Reasons found that

3

although Graystar was an assignee of Johnson's loan, it received nothing from Johnson beyond the security interest, which was released. Thus, there was no transaction with Graystar subject to rescission.

However, in addition to taking a security interest in her home, Graystar apparently collected $453.79 from Johnson in interest fees, which were settled with the second loan. Thus, relinquishing the security interest did not result in completely unwinding the Johnson loan assigned to Graystar. Significantly, the interest collected corresponds exactly to the amount which would be owed by Johnson (at 12%), not Investor Equities (whose loan was at 18%), further suggesting that the payment was actually made from Johnson to Graystar.

The Sixth Circuit has held that in a case in which plaintiffs sought, in addition to avoiding the security agreement, the return of prepayment penalties, mortgage filing fees, loan transaction fees, appraisal fees, and closing costs, their refinancing did not extinguish their rescission right. <u>Barrett v. JP Morgan Chase Bank, N.A.</u> 445 F3d 874, 877-78 (6th Cir. 2006). The <u>Barrett</u> court adopted the view that "rescinding a loan transaction requires unwinding the transaction in its entirety and thus requires returning the borrowers to the position they occupied prior to the loan agreement, which can be accomplished only by voiding the security interest and returning prepayment penalties..., mortgage filing fees, loan transaction fees, appraisal fees, and closing costs." <u>Id.</u> (internal quotations omitted). Similarly, in the present case, to the extent Johnson paid any such amounts to Graystar, the capacity to rescind vis-a-vis Graystar remains.

The issue was originally presented to the court on a Federal Rule 12(c) motion for judgment on the pleadings, in which the court "must accept all well-pleaded facts as true and

4

view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008). In addition, the HUD-1 statements at issue were incorporated into the pleadings by reference. Viewing the incorporated documentation in the light most favorable to the plaintiff, it appears that she has adequately alleged the existence of a transaction with Graystar, that has elements that remain to be unwound. Accordingly, she has stated a claim for rescission against Graystar, and reconsideration is granted, and her rescission claims against Graystar reinstated. Therefore,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Reconsideration (Rec. Doc. 66) is **GRANTED**, and plaintiff's rescission claims against Graystar are reinstated.

New Orleans, Louisiana, this __24th__ day of May, 2019.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**